

December 7, 2009

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

JLG Industries, Inc.
13224 Fountain Head Plaza,
Hagerstown, MD 21742

RE: JLG Industries, Inc., 2009-CP-26-10666

Dear Gentlemen:

In accordance with South Carolina Code of Laws, we are enclosing herewith a copy of the Civil Action Coversheet, Amended Summons and Amended Complaint in the above-entitled case. Service was accepted on November 20, 2009 and a copy has been duly filed in our office as of this date. The fee of $10.00 has been paid.

Yours very truly,

Mark Hammond,
Secretary of State

MH/wbh
Enclosures

cc:   Jeffrey E. Johnson
      Attorney at Law, LLC
      Post Office Drawer 1829,
      Conway, SC 29526

STATE OF SOUTH CAROLINA )
) IN THE COURT OF COMMON PLEAS
COUNTY OF HORRY )
)
)
Dale Freeman, )
) CIVIL ACTION COVERSHEET
Plaintiff(s) )
) 2009 - CP - 26 - 10666
)
)
)
United Rentals, Inc. and JLG Industries, Inc. )
Defendant(s) )

(Please Print)
Submitted By: Jeffrey E. Johnson, Esq., & Jarrod M. McPherson, Esq.
Address: P.O. Drawer 1829
Conway, SC 29528

SC Bar #: 16835 and 76173
Telephone #: 843-488-5333
Fax #: 843-488-4290
Other:
E-mail: jjohnsonlaw@sc.rr.com

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
*If Action is Judgment/Settlement do not complete

- [X] JURY TRIAL demanded in complaint.   [ ] NON-JURY TRIAL demanded in complaint.
- [ ] This case is subject to ARBITRATION pursuant to the Circuit Court Alternative Dispute Resolution Rules.
- [ ] This case is subject to MEDIATION pursuant to the Circuit Court Alternative Dispute Resolution Rules.
- [ ] This case is exempt from ADR (certificate attached).

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| [ ] Constructions (100) | [ ] Dental Malpractice (200) | [ ] Assault/Slander/Libel (300) | [ ] Claim & Delivery (400) |
| [ ] Debt Collection (110) | [ ] Legal Malpractice (210) | [ ] Conversion (310) | [ ] Condemnation (410) |
| [ ] Employment (120) | [ ] Medical Malpractice (220) | [ ] Motor Vehicle Accident (320) | [ ] Foreclosure (420) |
| [ ] General (130) | [ ] Other (299) | [ ] Premises Liability (330) | [ ] Mechanic's Lien (430) |
| [ ] Breach of Contract (140) | | [ ] Products Liability (340) | [ ] Partition (440) |
| [ ] Other (199) | | [X] Personal Injury (350) | [ ] Possession (450) |
| | | [ ] Other (399) | [ ] Building Code Violation (460) |
| | | | [ ] Other (499) |

| Inmate Petitions | Judgments/Settlements | Administrative Law/Relief | Appeals |
|---|---|---|---|
| [ ] PCR (500) | [ ] Death Settlement (700) | [ ] Reinstate Driver's License (800) | [ ] Arbitration (900) |
| [ ] Sexual Predator (510) | [ ] Foreign Judgment (710) | [ ] Judicial Review (810) | [ ] Magistrate-Civil (910) |
| [ ] Mandamus (520) | [ ] Magistrate's Judgment (720) | [ ] Relief (820) | [ ] Magistrate-Criminal (920) |
| [ ] Habeas Corpus (530) | [ ] Minor Settlement (730) | [ ] Permanent Injunction (830) | [ ] Municipal (930) |
| [ ] Other (599) | [ ] Transcript Judgment (740) | [ ] Forfeiture (840) | [ ] Probate Court (940) |
| | [ ] Lis Pendens (750) | [ ] Other (899) | [ ] SCDOT (950) |
| | [ ] Other (799) | | [ ] Worker's Comp (960) |
| | | | [ ] Zoning Board (970) |
| | | | [ ] Administrative Law Judge (980) |
| | | | [ ] Public Service Commission (990) |
| | | | [ ] Employment Security Comm (991) |
| | | | [ ] Other (999) |

| Special/Complex /Other | | | |
|---|---|---|---|
| [ ] Environmental (600) | [ ] Pharmaceuticals (630) | | |
| [ ] Automobile Arb. (610) | [ ] Unfair Trade Practices (640) | | |
| [ ] Medical (620) | [ ] Other (699) | | |

Submitting Party Signature: _____    Date: 11-11-09

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

## **FOR MANDATED ADR COUNTIES ONLY

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

You are required to take the following action(s):

1. The parties shall select a neutral within 210 days of filing of this action, and the Plaintiff shall file a "Stipulation of Neutral Selection" on or before the 224th day after the filing of the action. If the parties cannot agree upon the selection of the neutral within 210 days, the Plaintiff shall notify the Court by filing a written "Request for the Appointment of a Neutral" on or before the 224th day after the filing of this action. The Court shall then appoint a neutral from the Court-approved mediator/arbitrator list.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Case are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Cases which are appellate in nature such as appeals or writs of certiorari;

    c. Post Conviction relief matters;

    d. Contempt of Court proceedings;

    e. Forfeiture proceedings brought by the State;

    f. Cases involving mortgage foreclosures; and

    g. Cases that have been submitted to mediation with a certified mediator prior to the filing of this action.

4. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference had been concluded.

Please Note:   You must comply with the Supreme Court Rules regarding ADR.
               Failure to do so may affect your case or may result in sanctions.

** Florence, Horry, Lexington, Richland, Greenville, and Anderson

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
) FIFTEENTH JUDICIAL CIRCUIT
COUNTY OF HORRY ) CIVIL ACTION NO.: 09-CP-26-10666
)
Dale Freeman, )
)
        Plaintiff, )
) **AMENDED**
vs. ) **SUMMONS**
)
United Rentals, Inc. and JLG )
Industries, Inc., )
)
        Defendants. )

TO THE ABOVE-NAMED DEFENDANT(S):

You are hereby summoned and required to serve upon the subscriber at Jeffrey E. Johnson, Attorney at Law, L.L.C., Plaintiff's Attorney, whose address is P.O. Box 1829, 1409 Second Avenue, Conway, South Carolina 29528-1829, an answer to the Complaint, which is herewith served upon you, within thirty (30) days from the date of service, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

                JEFFREY E. JOHNSON, ATTORNEY AT LAW, L.L.C.

                By: _____
                    JEFFREY E. JOHNSON
                    Attorney for Plaintiff
                    1409 Second Avenue
                    P.O. Box 1829
                    Conway, SC 29528
                    Phone: (843) 488-5333
                    FAX: (843) 488-4290

November 11, 2009
Conway, South Carolina

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY ) | CIVIL ACTION NO.: 09-CP-26-10666 |
| ) | |
| Dale Freeman, ) | |
| ) | |
| Plaintiff, ) | **AMENDED** |
| ) | **COMPLAINT** |
| v. ) | (Jury Trial Demanded) |
| ) | |
| United Rentals, Inc. ) | |
| and JLG Industries, Inc. ) | |
| ) | |
| Defendants. ) | |

The Plaintiff, complaining of the Defendants, would respectfully show unto this honorable Court as follows:

### FOR A FIRST CAUSE OF ACTION
(Negligence and Recklessness)

1. Plaintiff is a citizen and resident of the County of Horry, State of South Carolina.

2. Upon information and belief, the Defendant United Rentals, Inc. (hereinafter "United"), is a corporation organized and existing under the laws of one of the states of the United States, other than the State of South Carolina. Defendant United owns property and transacts significant business in the County of Horry, State of South Carolina, and that jurisdiction and venue are proper.

3. Upon information and belief, the Defendant JLG Industries, Inc. (hereinafter "JLG"), is a corporation organized and existing under the laws of one of the states of the United States, other than the State of South Carolina. Defendant JLG owns property and transacts significant business in the County of Horry, State of South Carolina, and that jurisdiction and venue are proper.

4. This Court has jurisdiction under article V, § 11 of the South Carolina Constitution, *South Carolina Code Ann.*, § 14-1-80 (1976), and the common law of South Carolina.

5. At some time in or before the year 2006, Defendant JLG manufactured a hydraulic lift, (hereinafter "hydraulic lift").

6. Upon information and belief, Defendant JLG designed this lift for sale to the citizens, residents and consumers of Horry County, South Carolina.

7. As designed, manufactured, and installed, this hydraulic lift operates in such a manner that that it will unexpectedly lower and/or collapse, even when being used by its operator or others, and even under loads within its weight limits.

8. Existing safety design practices and standards in effect at the time of the design and manufacturing of the hydraulic lift and at the time of the Plaintiff's injury, required that a device or alternative design be applied and utilized to prevent the dangerous lowering and collapsing operation of the hydraulic lift without warning.

9. The lift did not comply with these existing safety design practices and standards because the hydraulic lift unexpectedly collapsed causing injury to the Plaintiff.

10. It was reasonably foreseeable to Defendants that without a safety light and beeping warning, or some other device to warn of the scissors collapsing, and prevent it from unexpectedly and dangerously collapsing or other device or design to avoid injury, damage and hazard to Plaintiff would occur.

11. On or about November 7, 2006, Plaintiff was standing on the ladder attachment of a hydraulic lift manufactured by Defendant manufacture and rented out by Defendant United, in the County of Horry, State of South Carolina, through no fault on the part of Plaintiff, the scissors of the hydraulic lift suddenly and without warning collapsed and thereby caused the top platform of the hydraulic lift to collapse, thereby crushing Plaintiff's foot, and further causing Plaintiff to suddenly and unexpectedly fall to the floor causing permanent injury and damage to his left foot and leg, back, right leg and foot, and other parts of his body.

12. As a result of the above, the Plaintiff suffered permanent injuries, all of which have caused and will continue to cause the Plaintiff much physical pain, mental anguish and suffering; will cause and has caused the Plaintiff to spend money and incur costs for medical services, treatment and procedures, including surgery, and other matters related to his injuries; and has and will cause the Plaintiff to lose wages and earnings.

13. The Defendants knew or should have known that a dangerous condition existed in the design, production and manufacturing of the lift.

14. Defendants were negligent and reckless in one or more of the following ways:

    (a) In failing to design, manufacture, and install an adequate guard, warning beeper, guard, lock or other device to prevent the unsafe operation, collapse and malfunction of the hydraulic lift;

    (b) In failing to provide adequate warnings and instructions as to the operation, use, or service of the hydraulic lift; and

    (c) In failing to warn Plaintiff and others using the lift of the dangers of the hydraulic lift.

15. As a proximate result of such negligence and recklessness, Plaintiff has suffered, and it is reasonably anticipated that he will continue to suffer in the future, injuries and damages as follows:

    (a) Pain and suffering;

    (b) Disfigurement;

    (c) Loss of full function of both legs, including feet, back, and other parts of his body;

    (d) Medical and related expenses;

    (e) Loss of income and earning capacity; and

    (f) Loss of enjoyment of life.

## FOR A SECOND CAUSE OF ACTION
### (Strict Liability - Restatement (Second) of Torts 402A)

16. Plaintiff reaffirms and reiterates all the above allegations as if fully repeated and are incorporated herein verbatim.

17. Defendant JLG is in the business of designing, manufacturing, and selling such hydraulic lifts and did design, manufacture, and sell the hydraulic lift involved in this case with the expectation that it would reach the user without a substantial change in the condition in which it was sold.

18. At the time of its design, manufacture, and sale, this hydraulic lift was defective and unreasonably dangerous within the meaning of *South Carolina*

3

*Code Ann.*, § 15-73-10 (1976) for the reasons set forth above.

19. Defendant is liable to Plaintiff for the actual damages described above under *South Carolina Code Ann.*, § 15-73-10 (1976) due to the following:

    (a) Defendant is engaged in the business of selling hydraulic lifts and related equipment;

    (b) The hydraulic lift was expected to, and did reach Plaintiff without substantial change in the condition in which it was manufactured and sold;

    (c) The hydraulic lift was sold in a defective condition, unreasonably dangerous to the user; and

    (d) The defective and unreasonably dangerous hydraulic lift was a proximate cause of Plaintiff's damages.

## FOR A THIRD CAUSE OF ACTION
### (Breach of Implied Warranty)

20. Plaintiff reaffirms and reiterates all the above allegations as if fully repeated and are incorporated herein verbatim.

21. Arising out of the design, manufacture and sale of this hydraulic lift was an implied warranty that it was reasonably safe, merchantable and fit for the purposes for which it was intended, and for all of its reasonably foreseeable uses.

22. This implied warranty was breached because the hydraulic lift was defective and unreasonably dangerous.

23. The breach of this implied warranty was a proximate cause of those damages described above.

4

WHEREFORE, Plaintiff seeks judgment against the Defendants for such actual and punitive damages as the Court and jury may determine to be appropriate.

RESPECTFULLY SUBMITTED,

By: _____
Jeffrey E. Johnson
Jarrod M. McPherson
1409 Second Avenue
P.O. Drawer 1829
Conway, SC 29528
Phone: (843) 488-5333
FAX: (843) 488-4290

November 11, 2009
Conway, South Carolina