IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Dale Freeman, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No.: 4:09-cv-3291-TLW |
| United Rentals, Inc. and JLG Industries, Inc., | ) |
| Defendants. | ) |

# ORDER

Before this Court is the defendant JLG Industries, Inc.'s ("JLG Industries") motion for reconsideration, filed on August 17, 2010. (Doc. # 16). On August 9, 2010, this Court entered an Order denying JLG Industries' motion to dismiss. (Doc. # 15).

Pursuant to Rule 59 of the Federal Rules of Civil Procedure a party may request the Court to alter or amend a judgment. In the instant case, JLG Industries requests relief from the Court's Order denying its motion to dismiss. Federal Rule of Civil Procedure 59(e) provides, "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Although Rule 59(e) does not itself provide a standard under which a District Court may grant a motion to alter or amend a judgment, the Fourth Circuit Court of Appeals has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Pacific Ins. Co. v. American National Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) *cert. denied*, 525 U.S. 1104 (1999). Thus, Rule 59(e) permits a

District Court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Id. (citing Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995)). Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance. Id. In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. Id.

In light of these standards, the Court has carefully reviewed the defendants' motion. After careful consideration of the relevant filings and the caselaw cited by the parties, including Krupski v. Costa Crociere S.P.A., 130 S.Ct. 2485 (2010) and Hughes v. Water World Water Slide, Inc., 442 S.E.2d 584 (S.C. 1994), the Court concludes that there is no basis under Federal Rule of Civil Procedure 59(e) for this Court to modify its Order of August 9, 2010. (Doc. # 15).

As an initial matter, this Court notes that the plaintiff in his response to the defendant's motion to dismiss cited to the South Carolina Rules of Civil Procedure to support his position. Additionally, the defendant asserted in its supplemental brief in support of its motion to dismiss that Rule 15(c) of the South Carolina Rules of Civil Procedure controls in this case. This Court determines that it would reach the same conclusion under either federal or state law relevant to this issue. See Desanctis v. Hastings, 1997 WL 9765 (4th Cir. 1997) (unpublished) ("[F]ederal courts apply state substantive law and federal procedural law – including Fed. R. Civ. P. 15(c) – in diversity cases") (citing Davis v. Piper Aircraft Corp., 615 F.2d 606, 611-12 (4th Cir. 1980)). See also Burgin v. La Pointe Mach. Tool Co., 161 F.R.D. 44 (D.S.C. 1995) (applying Rule 3 of the South Carolina Rules of Civil Procedure and Rule 15(c) of the Federal Rules of Civil

Procedure when addressing whether a claim was barred by the South Carolina statute of limitations, S.C. Code §§ 15-3-20, -530).

JLG Industries argues in its motion to reconsider that Krupski makes clear that "relation back" depends upon what the party to be added knew or should have known. JLG Industries then states, "The record is clear and undisputed that JLG had no knowledge of the alleged mistake in the Original Complaint until it received Plaintiff's response to its Motion to Dismiss." (Doc. # 16). The plaintiff filed the Original Complaint on November 2, 2009. The plaintiff filed its response to the defendant's motion to dismiss on January 14, 2010, seventy-three days after the date of the original filing. In the response, the plaintiff argued that the defendant JLG Industries would have been named a party in the Original Complaint but for the plaintiff mistakenly listing the defendant's name as "JLG Enterprises" instead of "JLG Industries." Therefore, the defendant received notice and had knowledge of the mistake within the period provided by law for commencing the action.

JLG Industries asserts that this Court "failed to recognize that JLG was never served with the Original Complaint." (Doc. # 16). The record is clear that JLG was not served with the Original Complaint but with an Amended Complaint. The Court's Order does not indicate otherwise. The facts as laid out in the Order state that the plaintiff filed an Amended Complaint on November 12, 2009 and that the Secretary of State accepted service of the Amended Complaint on behalf of JLG Industries on November 20, 2009. The Court then stated that the notice requirement of Rule 15(c) had been satisfied because JLG Industries received notice of the institution of the action through actual service, which was accomplished within one hundred twenty days after filing. From the facts, this Court notes that "actual service" means actual

service of the Amended Complaint, not the Original Complaint. This Court does not read Rule 15(c) as requiring that notice be conveyed to the defendant through service of an original complaint; it only requires that the defendant "received such notice of the action that it will not be prejudiced in defending on the merits." Fed. R. Civ. P. 15(c)(1)(C)(i). This Court finds that service of an Amended Complaint was an acceptable means by which to convey such notice.

The defendant asserts that to meet the notice requirement it must have been served with or received notice of the Original Complaint prior to being served with the Amended Complaint filed after the statute of limitations had expired. JLG Industries argues that "to hold otherwise would essentially eliminate the third requirement of the Hughes test that a "party *must or should have known* that, but for a mistake concerning identity, the action would have been brought against it." (Doc. # 16). This Court finds no such restriction from its reading of Hughes or from the text of Rule 15(c).

Further, JLG Industries asserts it had no knowledge of the Original Complaint until the plaintiff responded to JLG Industries' Motion to Dismiss. JLG Industries' ability to review the Original Complaint is not dependent upon it being received through proper service. As noted by JLG Industries, it had knowledge of the Original Complaint when the plaintiff responded to JLG's Motion to Dismiss. As stated, the Motion to Dismiss was filed seventy-three days after the date the Original Complaint was filed. Therefore, this Court concluded JLG Industries "knew or should have known that this action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). Furthermore, the defendant's receipt of plaintiff's Response to Motion to Dismiss, which sets forth that the

plaintiff made a mistake concerning the identity of the party also goes to establishing the knowledge requirement.

## **CONCLUSION**

For the foregoing reasons, the defendant JLG Industries' motion to reconsider is **DENIED**. (Doc. # 16).

**IT IS SO ORDERED**.

s/Terry L. Wooten<br>
TERRY L. WOOTEN<br>
United States District Judge

September 28, 2010
Florence, South Carolina